## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRAHAM ENGINEERING CORP.**: | |
| : | |
| **Plaintiff** : | **Civil Action No. 1:16-cv-02521-CCC** |
| **v.** : | **(Honorable Christopher C. Conner)** |
| : | |
| **ERIC ADAIR,** : | |
| : | |
| **Defendant** : | |
| : | |

| | |
|---|---|
| **GRAHAM ENGINEERING CORP.**: | |
| : | |
| **Plaintiff** : | **Civil Action No. 1:16-cv-02522-CCC** |
| **v.** : | **(Honorable Christopher C. Conner)** |
| : | |
| : | |
| **DOUG JOHNSON,** : | |
| : | |
| **Defendant** : | |
| : | |

| | |
|---|---|
| **GRAHAM ENGINEERING CORP.**: | |
| : | |
| **Plaintiff** : | **Civil Action No. 1:16-cv-02523-CCC** |
| **v.** : | **(Honorable Christopher C. Conner)** |
| : | |
| : | |
| **WILLIAM KRAMER,** : | |
| : | |
| **Defendant** : | |
| : | |

**GRAHAM ENGINEERING CORP.** :

                 **Plaintiff**         :     **Civil Action No. 1:16-cv-02524-CCC**

       **v.**                      :    **(Honorable Christopher C. Conner)**

                                      :

**JEFF LAWTON,**                   :

                                      :

               **Defendant**       :

---

**GRAHAM ENGINEERING CORP.** :

                 **Plaintiff**         :     **Civil Action No. 1:16-cv-02525-CCC**

       **v.**                      :    **(Honorable Christopher C. Conner)**

                                      :

**MICHAEL PERRI,**                :

                                      :

               **Defendant**       :

---

**GRAHAM ENGINEERING CORP.** :

                 **Plaintiff**         :     **Civil Action No. 1:16-cv-02526-CCC**

       **v.**                      :    **(Honorable Christopher C. Conner)**

                                      :

**DANIEL SCHILKE,**             :

                                      :

               **Defendant**       :

---

PHIL1 6702213v.1

GRAHAM ENGINEERING CORP.:

                  **Plaintiff**

    **v.**

KEVIN SLUSARZ,

                **Defendant**

**Civil Action No. 1:16-cv-02527-CCC**
**(Honorable Christopher C. Conner)**

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(F)

By:  /s/ *Jonathan S. Krause*

Jonathan S. Krause (PA No. 93817)
KLEHR HARRISON HARVEY
BRANZBURG, LLP
1835 Market Street, Suite 1400
Philadelphia, PA  19103
Email:  jkrause@klehr.com
Phone:  (215) 569-4496
Facsimile:  (215) 568-6603
*Attorneys for Defendant*

Dated:   December 22, 2017

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................1

II.  STATEMENT OF THE QUESTIONS PRESENTED....................................3

III. ARGUMENT ................................................................3

    A.   Courts Strongly Disfavor Motions to Strike .........................................3

    B.   Defendant's Answers Comply With the Federal Rules and
           Plaintiff Is Not Prejudiced By Them....................................4

        i.   FRCP 8 Permits Defendants to Answer Allegations
              Regarding Documents By Stating that the Documents
              Speak for Themselves. ................................................................4

        ii.   Defendants' Answers Are Not Scandalous, Impertinent, or
              Immaterial. ................................................................7

        iii.  Defendant Denied the At Issue Allegations, and Plaintiff
              Cannot Claim Prejudice. ................................................................8

IV. CONCLUSION ................................................................8

PHIL1 6702213v.1

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Cippollone v. Liggett Group, Inc.*,
  789 F.2d 181, 188 (3d Cir.1986) ................................................................5

*Dilmore v. Alion Sci. & Tech. Corp.*,
  No. CIV.A. 11-72, 2011 WL 2690367, at *3 (W.D. Pa. July 11, 2011).........4

*Dilmore*, 2011 WL 2690367,
  at *3 (W.D. Pa. July 11, 2011) ................................................................6

*Khepera-Bey v. Santander Consumer USA, Inc.*,
  No. WDQ-11-1269, 2012 WL 1965444, at *5 (D. Md. May 30, 2012) .........6

*N. Penn Transfer, Inc. v. Victaulic Co. of Am.*,
  859 F. Supp. 154, 158 (E.D. Pa. 1994).........................................................4

*River Road Dev. Corp. v. Carlson Corp.*,
  No. 89-7037, 1990 WL 69085, at *5 (E.D. Pa., May 23, 1990) ....................4

*United States v. Consolidation Coal Co.*,
  No. 89-2124, 1991 WL 333694, at *1 (W.D. Pa. July 5, 1991).....................4

*United States v. Cunningham*,
  No. 08-cv-0709, 2009 WL 3350028, at *5 (E.D. Va. Oct. 15, 2009) ............6

OTHER AUTHORITIES

Rule 12(f) of the Federal Rules of Civil Procedure ...................................... 1, 4, 8-9

FRCP 8(b) ................................................................................................6

PHIL1 6702213v.1

Defendant Kevin Slusarz ("Slusarz" or "Defendant"), by and through counsel, respectfully submits his opposition to Plaintiff and Counter-Defendant Graham Engineering Corporation's ("GEC," the "Company," or "Plaintiff") Motion to Strike Portions of Defendant's Answer Pursuant to Federal Rule of Civil Procedure 12(f).

## I.    INTRODUCTION

In its Second Amended Complaint (the "Complaint"), Plaintiff makes a series of allegations regarding the contents of alleged meetings among Defendant and some or all of the other six defendants[1] in the related actions that took place after GEC terminated their employment with the Company. These meetings were lawful and private, with their contents almost never disclosed to third-parties and certainly not disclosed to GEC. Nonetheless, in the Complaint, GEC alleges specific details from these private meetings, including the identity of the attendees, the subject matter of various meetings, and directly quotes in one instance from an unidentified document.

The reason for GEC's knowledge of the intimate details of these meetings, based on Defendant's understanding and investigation to date, is that GEC without authorization and through unlawful means gained access to the shared electronic

---

[1]    The other defendants in the companion actions are Eric Adair, Doug Johnson, William Kramer, Jeff Lawton, Michael Perri, and Daniel Schilke. Collectively, they are referred to herein as "Defendants."

site used by Defendants where minutes of the various meetings and other documents and communications were accessible. GEC surreptitiously monitored Defendants' activity on the shared site by accessing and reviewing meeting minutes, emails, and other documents housed on the site. It appears that GEC then used information it acquired through its unauthorized access to plead certain allegations in its Complaint based exclusively on GEC's unauthorized review of All Defendants' electronic records. Absent such review and access, GEC would have no basis to plead with such specificity and without claiming that the allegations at issue were "upon information and belief."

Against this backdrop, Defendant filed his Answer, Separate Defenses, and Counterclaims in response to the Complaint, complying with his obligations pursuant to the Federal Rules of Civil Procedure. Where appropriate, Defendant admitted or denied specific allegations. As to the allegations that were clearly based on GEC's unauthorized access to Defendant's data and documents, Defendant identified that the allegation was based on a characterization of a document, the contents of which speak for themselves, as GEC cannot avoid that it is seeking to characterize a written document in these allegations, even if it did not identify the specific document upon which it based its allegation. Defendant denied the allegations to the extent a further response was required. GEC thus is aware of Defendant's position regarding the accuracy of the allegation, and is not

2

subject to any prejudice as the parties proceed to discovery.

Nonetheless, GEC has filed the instant Motion to Strike based on its incorrect view of Defendant's obligations under the Federal Rules. GEC's Motion to Strike should be denied for several reasons: 1) such motions are highly disfavored; 2) Defendant's response is permissible; and 3) GEC is not prejudiced by Defendant's responsive pleading. At most, to the extent the Court concurs with GEC, Defendant should be permitted to amend his Answer consistent with the Court's ruling. However, for the reasons set forth herein, Defendant respectfully submits that the Court should deny GEC's Motion.

## II.    STATEMENT OF THE QUESTIONS PRESENTED

**Question:** Has GEC sustained its burden in demonstrating to the Court that certain of Defendant's responses to the allegations in the Complaint should be stricken?

**Suggested Answer:** No.

## III.    ARGUMENT

### A.    <u>Courts Strongly Disfavor Motions to Strike</u>

This Court possesses "considerable discretion" in adjudicating issues raised in a motion to strike pleadings pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. *Hanover Ins. Co. v. Ryan,* 619 F. Supp. 2d 127, 133 (E.D. Pa. 2007). Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  Motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994) (citing *River Road Dev. Corp. v. Carlson Corp.*, No. 89-7037, 1990 WL 69085, at *5 (E.D. Pa., May 23, 1990).  Striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." *N. Penn Transfer, Inc.*, 859 F. Supp. 158 (citing *United States v. Consolidation Coal Co.*, No. 89-2124, 1991 WL 333694, at *1 (W.D. Pa. July 5, 1991).  Striking a defense is only appropriate when "the insufficiency of the defense is clearly apparent." *Dilmore v. Alion Sci. & Tech. Corp.*, No. CIV.A. 11-72, 2011 WL 2690367, at *3 (W.D. Pa. July 11, 2011) (citing *Cippollone v. Liggett Group, Inc.,* 789 F.2d 181, 188 (3d Cir.1986).  Here, GEC has failed to provide sufficient basis for the Court to grant the relief sought.

### B.   Defendant's Answers Comply With the Federal Rules and Plaintiff Is Not Prejudiced By Them

#### i.   *FRCP 8 Permits Defendants to Answer Allegations Regarding Documents By Stating that the Documents Speak for Themselves.*

Plaintiff alleges that portions of Defendant's Answer should be stricken because those portions do not comply with Federal Rule 8.  Specifically, Plaintiff

4

contends that the following response to several allegations is impermissible because the allegation needs to be admitted or denied, and – even though the allegation is denied – such denial is impermissibly equivocal:

> The allegations in this paragraph appear to purport to characterize a document, the contents of which speak for themselves, and to which no responsive pleading is required. By way of further response, the allegations in this paragraph appear to characterize a document which Plaintiff accessed from Defendants without authorization and in violation of its statutory and common law legal obligations. To the extent a response is required, Defendant denies the allegations in this paragraph. Defendant denies that Defendants engaged in any unlawful conduct.

(*See*, *e.g.*, Dkt. No. 53, ¶¶ 168-170, 172-74, 176-182, 185-186.) Plaintiff's assessment of Defendant's pleading obligations is inaccurate.

Contrary to the basis for the instant Motion, courts have interpreted FRCP 8 to permit parties to respond to allegations regarding documents by answering that the contents of the documents speak for themselves. *See*, *e.g.*, *Dilmore*, 2011 WL 2690367, at *3 (W.D. Pa. July 11, 2011) (denying motion to strike portions of answer in which defendant answered by stating "the averments of [the paragraph] purport to interpret a document that speaks for itself"); *Khepera-Bey v. Santander Consumer USA, Inc.*, No. WDQ-11-1269, 2012 WL 1965444, at *5 (D. Md. May 30, 2012) (denying motion for more definite statement where defendant answered that certain documents "speak for themselves" and such response satisfies FRCP

8(b)); *see also United States v. Cunningham*, No. 08-cv-0709, 2009 WL 3350028, at *5 (E.D. Va. Oct. 15, 2009). Thus, such responses as the ones sought stricken by Plaintiff are legally sufficient under FRCP 8.

Here, Plaintiff additionally makes the claim that the relevant allegations in its Complaint are not characterizations of documents but factual assertions. That, however, ignores the basis upon which Plaintiff was able to make such allegations. As set forth in detail in Defendant's Counterclaims, Plaintiff gained unauthorized access to a secure, shared site used privately and confidentially by Defendants and based the allegations in question on what it or its agents observed through such access. Demonstrative of Plaintiff's unauthorized access is its direct (albeit incomplete) quote of documents such as the allegations that "On September 1, 2016, [Defendants] discussed 'how to integrate ProSystems [a current GEC supplier,] with [U.S. Extruders]." (Compl, ¶ 179) (brackets except for "Defendants" in Complaint.) In this paragraph of the Complaint, Plaintiff is explicitly quoting a document. For it now to turn around and claim that the allegations at issue in this Motion are not based on its characterization of documents it reviewed through its unauthorized access is disingenuous. Even where the Complaint does not use quotation marks, the specificity of allegations describing alleged events attended by nobody except Defendants reflects that Plaintiff is basing the allegations on its review of documents prepared and housed

6

by Defendants on the private shared site.[2]  (*See*, *e.g.*, ¶ 170) (alleging "On or about July 26, 2016, [Defendants] discussed establishing a company calendar for U.S. Extruders, selling used extruders, registering U.S. Extruders as a company in Rhode Island, product designs, contacting previous American Kuhne suppliers, and meeting with Xaloy, a current supplier of GEC to discuss barrel designs.)) Tellingly, Plaintiff makes these allegations unequivocally, without pleading "upon information and belief," as the basis for Plaintiff's allegations necessarily must be its review of documents through its unauthorized access.  In sum, by necessity and as reflected in Plaintiff's quoting of unidentified documents, the relevant allegations are Plaintiff's characterization of documents, regardless of whether identified as such in the Complaint.

        ii.      *Defendants' Answers Are Not Scandalous, Impertinent, or Immaterial.*

Plaintiff additionally argues under FRCP 12(f) that these answers should be stricken because they are impertinent, immaterial, and scandalous because of their reference to Plaintiff's unauthorized and unlawful access.  Plaintiff's conduct, however, forms the basis for Defendant's detailed Counterclaims, set forth in the same filing as its Answer, so his answers can hardly be considered scandalous where it makes reference to conduct later laid out in great detail.  Moreover,

---

[2]     Defendant notes that, while Plaintiff in these allegations characterize documents, it does so incompletely and selectively to help it create the appearance of nefarious and unlawful conduct.

Defendant's answers with respect to the unauthorized access are neither immaterial nor impertinent as they set forth the basis for Defendant's response that these allegations are characterizations of documents. To the extent Plaintiff considers the statement regarding unauthorized conduct outrageous, Defendant concurs insofar as he considers it outrageous that Plaintiff appears to have engaged in such brazen unlawful conduct.

iii.    *Defendant Denied the At Issue Allegations, and Plaintiff Cannot Claim Prejudice.*

Even if the Court was to accept Plaintiff's position regarding the appropriateness of answering with reference to characterization of documents, Defendant's answers remain sufficient because he specifically denied the allegations. In each paragraph subject to this Motion, Defendant answered "[t]o the extent a response is required, Defendant denies the allegations in this paragraph." Thus, Plaintiff is on notice as to Defendant's position as to the specific allegations set forth in these paragraphs, and able to seek discovery as appropriate. As such, Plaintiff is not prejudiced by Defendant's answers, and Plaintiff has not met his burden to persuade the Court to grant a judicially disfavored remedy of granting a motion to strike pursuant to FRCP 12(f) or that Defendant's answers were legally insufficient pursuant to FRCP 8.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff has failed to satisfy its burden and the

8

Motion to Strike should be denied.  To the extent the Court concludes that any of Defendant's responses are insufficient, although such a finding is not warranted, Defendant should be granted the opportunity to amend its answer as appropriate.

Respectfully submitted,


By:   /s/  *Jonathan S. Krause*

Jonathan S. Krause (PA No. 93817)
KLEHR HARRISON HARVEY
BRANZBURG, LLP
1835 Market Street, Suite 1400
Philadelphia, PA  19103
Email:  jkrause@klehr.com
Phone:  (215) 569-4496
Facsimile:  (215) 568-6603
*Attorneys for Defendant*


Dated:   December 22, 2017

9

## <u>CERTIFICATE OF LENGTH</u>

The undersigned hereby certifies that, in reliance upon the word count feature of Microsoft Word, excluding the caption, table and signature block, but including footnotes and section headers, the foregoing brief contains <u>2,494</u> words.

/s/ Jonathan S. Krause
JONATHAN S. KRAUSE
Atty. I.D. No. 93817


DATED:  December 22, 2017